# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11094
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON ANTHONY LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-85-1

Before KING, SMITH, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jason Anthony Lopez was convicted of two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to a total of 175 months of imprisonment. Lopez appeals the denial of his motion to suppress the firearms seized during the search of his workshop and his post-arrest statements to law enforcement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11094

When addressing a denial of a motion to suppress evidence, we review factual findings for clear error and the constitutionality of the action by law enforcement de novo. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). A district court's ruling on a motion to suppress "should be upheld if there is any reasonable view of the evidence to support it." *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (internal quotation marks and citation omitted).

Lopez first argues that the district court should have granted his motion to suppress because the police officers exceeded the scope of consent provided by his girlfriend, Alejandra Gonzalez. He challenges the application of the plain view doctrine, asserting that the officers were not permitted to engage in a limitless search of the premises.

However, given that officers were lawfully searching the workshop for Lopez and had right of access to the space, and given that the firearms or their cases were in plain view and their incriminating nature readily apparent, the plain view doctrine justified the warrantless seizure of the .45 caliber pistol, Springfield rifle, and SKS-type firearm. *See United States v. Buchanan*, 70 F.3d 818, 825-26 (5th Cir. 1995).

Second, Lopez argues that the district court should have granted his motion to suppress his statement because the interviewing agent violated Lopez's Sixth Amendment rights by continuing to question him even though Lopez invoked his right to counsel.

However, the totality of the circumstances establish that Lopez understood and waived his right to counsel during his interrogation. The interviewing agent reiterated to Lopez during their discussion and before he offered any statement about the firearms found in the workshop that it was his choice whether to speak to authorities without an attorney present. In

No. 19-11094

addition, the agent did not ask Lopez any questions about the firearms. Rather, Lopez, of his own volition, stated that the firearms belonged to or were brought to the unit by his girlfriend. As the Government urges, the initial invocation of an attorney cannot necessarily be viewed in a vacuum but rather must be viewed in light of the other factual circumstances surrounding the discussion. *See United States v. Alvarado-Palacio*, 951 F.3d 337, 342 (5th Cir. 2020). The district court did not err in denying Lopez's motion to suppress his statement. *See Davis v. United States*, 512 U.S. 452, 459 (1994); *Alvarado-Palacio*, 951 F.3d at 341-42.

AFFIRMED.